UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| MARVIN A. COLBERT, JR. and TAMMY COLBERT, his wife,<br><br>        Plaintiffs,<br><br>v.<br><br>ANHEUSER-BUSCH, INC., a foreign corporation-for-profit, and LESLIE ARMOOGAM.<br><br>        Defendants. | Case No.: 3:11-cv-243-J25-JBT<br><br>PLAINTIFFS' MOTION AND MEMORANDUM OF LAW TO TRANSFER COUNTS III, IV, V and VI TO CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, ALTERNATIVELY, FOR COURT TO EXERCISE DIVERSITY JURISDICTION |

The Plaintiffs, Marvin A. Colbert, Jr. and Tammy Colbert, his wife, by and through their undersigned counsel, hereby file the following Motion and Memorandum of Law To Transfer Counts III, IV, V and VI of the Amended Complaint to Circuit Court, Fourth Judicial Circuit, alternatively, for the Court to exercise diversity jurisdiction, and states:

    1.    In its *Order*, (doc. 30), the Court granted the Defendants' *Motion* (doc. 8) dismissing the Title VII claims of the *Amended Complaint*.

    2.    The defamation and consortium claims were timely filed in this Court pursuant to the Court's diversity jurisdiction and supplemental jurisdiction. 28 U.S.C. §1332 and §1367. Further, these claims were timely filed pursuant to the applicable statute of limitations.

    3.    While the Court dismissed the Title VII claims, the Court did not dismiss the defamation and consortium claims.

4. In the interest of justice, this Court should transfer the defamation and consortium claims to the Circuit Court, Fourth Judicial Circuit, to prevent barring the Plaintiffs' claims for relief in the state court. <u>Partee v. Attorney General</u>, Case No. 11-10792 (January 11, 2012) (a significant factor in the interest-of-justice analysis is whether a denial of a transfer would effectively bar the plaintiff from relief in the proper court).

5. Alternatively, this Court should exercise diversity jurisdiction over the defamation and consortium claims of the Plaintiffs pursuant to 28 U.S.C. §1332.

Rule 3.01(g) Certification

6. Pursuant to Rule 3.01(g), Local Rules, United States District Court, the undersigned counsel conferred with counsel for the Defendants, and counsel were unable to agree.

Respectfully submitted,

**REGINALD LUSTER, P.A.**
Attorney at Law

 /s/ Reginald Luster
Reginald Luster, Esquire
Florida Bar No.: 0750069
1751 University Boulevard South
Jacksonville, Florida 32216
Telephone: (904) 725-6655
Facsimile:  (904) 725-6658
Email: rluster@rlusterlaw.com

Attorney for the Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

  I HEREBY CERTIFY that on <u>April 9, 2012</u>, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  I further certify that on the same day a copy of the foregoing document and notice of electronic filing was furnished to the following, either by the CM/ECF system to the CM/ECF participants or by U.S. Mail to the non-CM/ECF participants:

    Richard N. Margulies, Esquire
    B. Tyler White, Esquire
    245 Riverside Avenue, Suite 450
    Jacksonville, Florida 32202


    <u>  /s/ Reginald Luster     </u>
    Reginald Luster, Esquire