UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**MARVIN A. COLBERT, JR.** and
**TAMMY COLBERT**, his wife,

    Plaintiffs,

v.                                         Case No.: **3:11-cv-243-J-25JBT**

**ANHEUSER-BUSCH, INC.**, a
foreign corporation-for-profit,
and **LESLIE ARMOOGAM**,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Transfer Counts III, IV, V, and VI to Circuit Court, Fourth Judicial Circuit, Alternatively, for Court to Exercise Diversity Jurisdiction (Dkt. 31). Defendants oppose the Motion (Dkt. 32). The Court has reviewed the filings and finds as follows:

**Background**

Plaintiff Marvin Colbert's, and his wife, Plaintiff Tammy Colbert's Amended Complaint alleges Race Discrimination against Defendant Anheuser-Busch (Count I), Retaliation against Defendant Anheuser-Busch (Count II), Defamation against Defendant Anheuser-Busch (Count III),

Defamation against Defendant Leslie Armoogam (Count IV), Loss of Consortium against Defendant Anheuser-Busch (Count V), and Loss of Consortium against Defendant Leslie Armoogam (Count VI). (Am. Compl., Dkt. 7)

Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint, arguing that Plaintiffs' Title VII claims were time-barred. (Motion to Dismiss, Dkt. 8). The Court granted Defendants' Motion to Dismiss, finding "that Plaintiffs' Race Discrimination claim (Count I) and Retaliation claim (Count II) [were] barred by 42 U.S.C § 2000e-5(f). The Court [chose] not to exercise jurisdiction over Plaintiffs' remaining claims (Defamation and Loss of Consortium)." (Order, Dkt. 30, Pg. 14).

In the instant Motion, Plaintiffs request that, in the interest of justice, this Court transfer the defamation and consortium claims to the Circuit Court, Fourth Judicial Circuit, to prevent barring the Plaintiffs' claims for relief in state court. (Motion to Transfer, Dkt. 31, Pg. 2, Para. 4). Alternatively, the Plaintiffs request that the Court exercise diversity jurisdiction over the defamation and consortium claims, pursuant to 28 U.S.C § 1332. (*Id.* at Para. 5).

Defendants argue that this Court lacks the authority to transfer Plaintiffs' claims to state court (Opp., Dkt. 32, Pg. 3-5) and that this Court

does not have diversity jurisdiction over the Plaintiffs' defamation and consortium claims. (*Id.* at Pg. 5).

However, by referring to the statutes of limitations of the state court claims, Plaintiffs appear to be requesting that the Court reconsider its decision to not exercise supplemental jurisdiction over Plaintiffs' state court claims. (*See* Dkt. 31, Para. 2-3). Thus, it appears that Plaintiffs' Motion to Transfer should be construed as a Motion for Reconsideration, pursuant to Fed. R. Civ. P. 59(e).[1] In this case, the Court finds that it is appropriate to grant Plaintiffs' construed Motion for Reconsideration.

**Standard**

Under Fed. R. Civ. P. 59(e), reconsideration is justified when one of three grounds exists: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). A Rule 59 motion is not intended as a vehicle

---

[1] A motion for reconsideration may be brought pursuant to Rule 59(e) or Rule 60(b). *Sussman*, 153 F.R.D. 689, 694. Under which rule the motion falls turns on the time at which the motion is filed. *Id.* If the motion is filed within ten days of the judgment, the motion falls under Rule 59(e); if the motion is filed after that time, it falls under Rule 60(b). *Id.* In this case, the Order dismissing Plaintiffs' Title VII claims was issued on March 30, 2012 (Dkt. 30). Plaintiffs filed the instant Motion on April 9, 2012 (Dkt. 31). Thus, Plaintiffs' Motion falls under Rule 59(e).

"to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

**Analysis**

In this case, the Court chose not to exercise supplemental jurisdiction, under 28 U.S.C. § 1367, when it dismissed Plaintiffs' Title VII claims. (Order, Dkt. 30, Pg. 14).

As Defendants have pointed out, the Court is unable to exercise diversity jurisdiction, pursuant to 28 U.S.C. § 1332, over Plaintiffs' state court claims because complete diversity does not exist between the parties; that is, no plaintiff may be a citizen of the same state as any defendant. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), *overruled on other grounds*, *Louisville, Cincinnati & Charleston R.R. Co. v. Letson*, 43 U.S. (2 How.) 497 (1844).

In addition, as Defendants also contend, this Court does not have the jurisdiction to transfer this case to state court under 28 U.S.C. § 1631. Plaintiffs suggest transferring their state court claims to the state court "in the interest of justice." (Motion, Dkt. 31, Pg. 2, Para. 4) (citing to *Partee v. Attorney Gen., Georgia*, 451 Fed.Appx. 856 (11th Cir. 2012)). Federal district courts can transfer cases, under 28 U.S.C. § 1631, when a court

determines there is a "want of jurisdiction," so long as the transfer is "in the interest of justice." *See* 28 U.S.C. § 1631. This statute cannot be used as a vehicle to transfer a case from federal court to state court. *See id.* (stating that the transferring and transferee courts must be "section 610" courts).

When the Court chose not to exercise supplemental jurisdiction over Plaintiffs' defamation and consortium claims, the state court claims becoming time-barred was not discussed. The Eleventh Circuit has advised that an important consideration in exercising supplemental jurisdiction is the running of a state statute of limitation. *See Ingram v. School Bd. of Miami-Dade Cnty*, 167 Fed.Appx. 107, 109 (11th Cir. 2006). In fact, "[i]f the state claim has become time-barred during the pendency of the federal action then the court should exercise supplemental jurisdiction despite the dismissal of all of the federal claims." *Id.* (citing *Eubanks v. Gerwen*, 40 F.3d 1157, 1162 (11th Cir. 1994).

The Court recognizes that a reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *Sussman*, 153 F.R.D. 689, 694. The Court finds that it is appropriate to vacate its March 20, 2012 Order (Dkt. 30) and exercise supplemental jurisdiction over Plaintiffs' state court claims to prevent manifest injustice. As noted by Plaintiffs in their Motion, Plaintiffs' defamation and consortium claims were timely filed; the

state claims became time-barred during the pendency of this case. (*See* Motion, Dkt. 31, Para. 2).[2] To bar Plaintiffs from litigating their state court claims, due to lapsed statutes of limitations, would be inappropriate and unjust in this matter.

Thus, the Court will exercise supplemental jurisdiction over Plaintiffs' state court claims.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion to Transfer Counts III, IV, V, and VI to Circuit Court, Fourth Judicial Circuit, Alternatively, for Court to Exercise Diversity Jurisdiction (**Dkt. 31**) is **construed as a Motion for Reconsideration** and **GRANTED to the extent** that the Court will exercise supplemental jurisdiction over Plaintiffs' state court claims.

2. This Court's Order dated March 30, 2012 **(Dkt. 30)** is **VACATED AND SET ASIDE**.

3. Plaintiffs' Title VII Claims (Counts I and II) are **DISMISSED**.

---

[2] In Florida, a two-year statute of limitations applies to actions for libel or slander. Fla. Stat. § 95.11(4)(g). This two-year statute of limitations appears to apply to Plaintiffs' defamation claims. (*See* Complaint, Dkt. 1, Para. 46-53). The applicable statute of limitations for Plaintiffs' loss of consortium claims would also be two years. *See id.*; *see also ACandS, Inc. v. Redd*, 703 So.2d 492, 493-94 (Fla. 3d DCA 1997) (holding that loss of consortium is a derivative claim that is dependent on the spouse's ability to recover in a cause of action against the same defendant).

The Court exercises supplemental jurisdiction over Plaintiffs' state claims: Defamation against Defendant Anheuser-Busch (Count III), Defamation against Defendant Leslie Armoogam (Count IV), Loss of Consortium against Defendant Anheuser-Busch (Count V), and Loss of Consortium against Defendant Leslie Armoogam (Count VI).

    4. The Clerk is directed to reopen this case.

**DONE AND ORDERED** this 1st day of May, 2012.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to: Counsel of Record